JOE FALCO v. THE STATE.

No. 13516. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 764.

The opinion states the case.

*Oltorf & Oltorf,* of Marlin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

A jug of whisky was found in appellant's home. His defense to the charge of possessing such liquor for purposes of sale was that he had it for medicinal purposes. A doctor testified that appellant's wife had been sick for some time and that he prescribed for her; that whisky applied externally and taken internally was of benefit to her; that appellant objected to buying prescription whisky and said he could get it cheaper. Appellant's wife swore that on the advice of said doctor appellant had gotten whisky for her, and that she had used same and was using it, and was being helped by its use; that she took very little of same internally, but freely used it for rubbing certain affected portions of her body, and in fact her whole body. Appellant swore he got the whisky in question from a man unknown to him, solely for medicinal use by his wife; that he did not drink, and did not use the whisky himself for any purpose, and did not have it for sale. Eight citizens of Falls county, some of them well known, testified to appellant's good reputation, and no one testified to the contrary. No attack was made on the credibility of the doctor, or of appellant's wife, or of appellant himself. There is nothing in the record suggesting that appellant ever sold any liquor, or that he had this whisky for sale, or upon which a verdict finding him guilty of possession for the purpose of sale could be based, save the fact that he had more than a quart of whisky in his possession at the time same was found,—and that the statute makes such possession prima facie evidence of the fact that he had same for sale. The court's charge submitted to the jury legally and fairly this issue, and their verdict indicates that they accepted the presumption created by statute, and did not think same overcome by appellant's testimony to the contrary. We doubt the correctness of such decision on facts like those in this record, and when there appears,—as is shown by a bill of exception, that there was no evidence that appellant was a bootlegger, or that any bootlegger had run up and down the road and killed anybody, or that they were running up and down the road killing people, or that a verdict of guilty in this case would cause the women of Falls County to cry out to the jury "Glory be thine,"—and that the county attorney was permitted to say in his argument as follows:

"Gentlemen of the Jury: You ought to return a conviction in this case so as to stop bootleggers running up and down the road killing people—and let your verdict be guilty so all women of this

county will say 'Glory be thine'," we are inclined to thus account for the verdict of guilty.

The trial court refused to instruct the jury not to consider such argument. We fear that such improper argument may have so appealed to the jury as to turn the scale against appellant upon these facts. which are of doubtful sufficience. The argument was clearly improper. The court certifies in the bill of exception that the facts stated by the prosecuting attorney in his argument were not supported by any testimony.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*