Joe David CHILDRESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38851.

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Rehearing Denied Feb. 23, 1966.

Will Gray, Jack Bodiford, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, James E. F. Dally, James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for perjury; the punishment, enhanced by reason of two prior convictions less than capital, life imprisonment.

The prosecution grew out of certain alleged false testimony given by the appellant at a hearing held by Judge E. B. Duggan in the Criminal District Court of Harris County on September 28, 1964, to ascertain whether a confession had been used against the appellant in a trial for burglary in the year 1957 without it having been properly determined to be voluntary.

It was charged in the indictment that in the course of such judicial proceeding it became a material issue as to whether a written statement was made by appellant on or about the 25th day of November, 1956, as the result of duress, coercion, and physical abuse, and that the appellant, under the sanction of an oath duly administered to him, did deliberately and wilfully state and testify that prior to his making said statement one Arnold Loesch, a deputy sheriff of Washington County, did hit, slap, and strike appellant, which statement was false, and material to the issue in said cause.

Upon the instant trial, proof was offered by the state that at the hearing before Judge Duggan on September 28, 1964, appellant testified under oath that he was physically abused by deputy sheriff Loesch in 1956, as alleged, and that such testimony was false.

At the outset, appellant insists that the evidence is insufficient to support the conviction because the alleged false testimony was immaterial to the issue before the court at the time it was given.

If such testimony was not material to the issue in the hearing held by Judge Duggan, the same could not constitute perjury. See: 45 Tex.Jur.2d 49, Sec. 4, and cases there cited.

Art. 307, Vernon's Ann.P.C., provides:
"The statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury."

In Smith v. State, 158 Tex.Cr.R. 487, 256 S.W.2d 578, this court, in affirming a conviction upon different facts, recognized the rule that testimony which is immaterial to the issue before the court cannot be the basis for a prosecution for perjury.

We must therefore examine the record to determine whether the alleged false testimony given by appellant was material to the issue before the court when it was given.

The record shows that appellant was convicted in the Criminal District Court of Harris County for an offense of burglary committed on September 28, 1956, and his punishment, enhanced by two prior convictions for felonies less than capital, was assessed at life imprisonment. At the trial, an issue as to the voluntary nature of a confession introduced against the appellant was raised by the evidence. Upon appeal to this court, the judgment of conviction was affirmed in an opinion dated March 5, 1958, rehearing denied April 16, 1958, which expressly overruled appellant's contention that the confession introduced in evidence

was inadmissible as a matter of law. Childress v. State, 166 Tex.Cr.R. 95, 312 S.W. 2d 247.

Subsequently, appellant filed with this court an application for writ of habeas corpus in which he alleged that in his 1957 conviction for burglary he was denied due process of law because he was arrested upon an invalid warrant and his confession was used against him without being properly determined to be voluntary.

On August 11, 1964, Judge W. A. Morrison, of this court, entered an order in Application No. 482, styled Ex parte Joe Davis Childress, Original Application, which reads:

"*  *  *

"The Honorable Edmund B. Duggan, Judge of the Criminal District Court of Harris County, is hereby directed to hold a hearing, giving petitioner an opportunity to be present if he desires and to be represented by counsel, to develop the facts relative to the allegations that he was deprived of his constitutional rights under Aguilar v. Texas [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723]; 32 L.W. 4499 (No. 548, June 15, 1964); and Jackson v. Denno [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908]; 32 L.W. 4620 (No. 62, June 22, 1964), and to certify such facts to this Court in order that we may make proper disposition of petitioner's application. Please return your findings before October 1.

"*  *  *."

Pursuant to such order, a hearing was held by Judge Duggan, which was concluded on September 28, 1964, at which hearing the alleged false statement and testimony was given by appellant.

Subsequent to the hearing, a supplemental order was issued on October 9, 1964, in Application No. 482, styled Ex parte Joe Davis Childress, Original Application, which reads:

"*  *  *

"In addition to the facts requested developed by the trial court in our order of August 11, 1964, the Court is directed to make a finding of fact and of law as to whether or not the confession was voluntarily made as is required by Jackson v. Denno, 32 L.W. 4620.

"*  *  *."

It is apparent from the record that when appellant testified at the hearing which was concluded on September 28, 1964, the only question for determination was whether the court made an independent finding as to the voluntary nature of appellant's confession before admitting it in evidence in the 1957 trial, as required by the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

■ The testimony given by appellant at the hearing that he had been physically abused by the deputy sheriff when he made the confession was immaterial to the issue.

■ One of the tests of materiality in a prosecution for perjury is whether the false statement could influence the tribunal on the issue before it. 45 Tex.Jur.2d 49–50–51, Secs. 4 and 5.

Appellant's statement and testimony relative to his mistreatment by the officer before making the confession could in no way influence this court in determining whether the trial court had made an independent finding as to the voluntary nature of the confession before admitting it in evidence.

While appellant's testimony with reference to alleged police brutality was material to the question of the voluntariness of his confession and within the scope of the supplemental order dated October 9, 1964, this testimony was given before such order of October 9, 1964, was made.

The state agrees that the prosecution was based upon the alleged false testimony giv-

en at the hearing pursuant to the first order dated August 11, 1964.

■ Because of the insufficiency of the evidence, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.