**Monice Odell MORGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47648, 47649.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty. and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Justice.

This appeal is from convictions for the offenses of robbery and murder as a result of a joint trial. Punishment was assessed by a jury at life in each case.

The record reflects that on March 4, 1972, at approximately 8:15 P.M., the ap-

pellant, Otis Lee Majors and another man committed a robbery at 2655 South Lancaster Street in Dallas. During the robbery appellant shot Wilson Cade, a security guard. Cade died as a result of the gunshot wound.

Appellant was subsequently arrested in July of 1972 for the above two offenses, along with his step-father, one Otis Lee Majors.[1]

Appellant's defense was that of alibi. He testified that on the date in question between the hours of 6:00 P.M. and 9:00 P.M. he was at his mother's home asleep. Mrs. Otis Lee Majors, appellant's mother, along with several other friends and neighbors of appellant, testified in support of his alibi. On appeal, appellant raises four grounds of error concerning the prosecutor's final argument.

The first ground of error is a contention that the prosecutor argued outside the record. In his final argument to the jury during the guilt-innocence stage, the prosecutor stated:

"We're down here because of what happened to Wilson Cade. If you could keep that in mind, sometimes when you get into a case like this and you hear a bunch of liars come down here from out there in his neighborhood, that they've woven a story around trying to get him off the hook, just like they tried to get his step-father off the hook, you kind of lose sight about what we are down here, and it just takes the error of maybe who done it, and it's just a big game down here. A bunch of lawyers are down here trying to outfox each other."

■ No objection was addressed to this part of the argument; thus, nothing is presented for review. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Section 44, page 76.

1. Majors' date of arrest and trial for the offenses in question is not shown by the record. However, the record reflects that Majors

The second ground of error asserts that the prosecutor went outside the record by referring to the testimony of another case. In his final argument during the guilt-innocence stage, the prosecutor stated in reference to Mrs. Majors' testimony:

"And Mr. Simmons would like to have you believe, because this man right here and his three compatriots didn't leave fingerprints all over the place, that you can't prove anything. Tell the people at large, tell everybody in this County and everybody in the Country that unless you had a lot of fingerprints folks, you can't convict my man, because he will come down here after he's gotten together with everybody, and I submit it's a reasonable deduction from the evidence that that mother of his is the one that concocted it, *just like she tried to concoct the fish story with Otis Lee Majors.*" (Emphasis supplied.)

During cross-examination of appellant's mother, the following was elicited:

"Q. Where was Otis Lee?

A. He was Corsicana, I think.

Q. What time did he get home?

A. Oh, well, I didn't see him until pretty late.

Q. What did you do?

A. I didn't get home—

Q. What did you do with your two-year-old child?

A. I left him there with Monice.

Q. While Monice was asleep?

A. Well, Marcus was there, too.

Q. I thought you just got through saying Marcus was gone?

A. I didn't say Marcus was gone.

Q. Marcus stayed there?

apparently was tried for the two offenses before appellant.

A. Marcus was there too.

Q. What was he doing, taking care of the child?

A. Until Monice waked up, he said he would stay there with him.

Q. Didn't you tell us at the last trial for Otis Lee Majors, you didn't want to leave to go to that party until—

A. That's right.

Q. Said that you said then that Monice was drunk that day, had been drinking all day?

A. Well, I said that he had been drinking, yes.

Q. Hanging around the house all day?

A. He had.

Q. That's what—

A. After he came home from that girl's house."

The following was brought out during the cross-examination of appellant:

"Q. When you got home, who was there at you— house, your mother?

A. My mother.

Q. Was Otis Lee Majors there?

A. No, he wasn't there.

Q. What time did he come in?

A. I don't know when he came in.

Q. Do you know where Otis Lee Majors is right now?

A. Yes, he up there.

. . . . . .

A. He's in jail.

Q. How long has he been in jail?

A. He's been in jail about nine months.

Q. Do you know where he—you didn't testify in his trial, did you?

A. No, I didn't.

Q. Do you know where he was that day?

A. No, I don't.

Q. Everybody else came down and said he was fishing, didn't they?

A. I don't know.

Q. You don't have any idea where he was, didn't hear where he was, didn't hear where he was going, don't have any idea about it?

A. I heard that he was supposed to be on a fishing trip, but I wouldn't know."

■ The fact that appellant's step-father was previously tried and that Mrs. Majors had testified at that trial was elicited without timely objection. Moreover, appellant testified that "he heard his step-father was on a fishing trip." While the complained of argument is not to be commended, it was a reasonable deduction from the evidence, thus not reversible error. See Alejandro v. State, 493 S.W.2d 230 (Tex.Cr.App.1973); Frazier v. State, 480 S.W.2d 375 (Tex.Cr.App.1972).

Appellant contends by his third ground of error that the prosecutor erred in implying that appellant committed other offenses that were not admitted into evidence. During final argument in the punishment stage of the trial, the prosecutor stated:

"Monice Morgan is a man, and he hasn't been convicted of a felony up until now, because he hasn't been old enough to be convicted of a felony. But he's convicted of two felonies right now, murder and armed robbery. I don't know what else he's done. We can't present that to you."

Appellant's objection sustained, an instruction to disregard given, and his motion for mistrial overruled.

■ The general rule is that the sustaining of an objection to improper argument and the giving of an instruction to disregard is sufficient to cure the error, absent argument having such an inflammatory and prejudicial effect on the minds of the jurors that cannot be cured by an instruction. See generally Haywood v. State, 482 S.W.2d 855 (Tex.Cr.App.1972). In Stearn v. State, 487 S.W.2d 734 (Tex. Cr.App.1972), we reversed a conviction when the prosecutor stated in his argument to the jury that "we couldn't bring you all of the circumstances surrounding the arrest." In that case, we concluded that the jury could logically surmise from the complained of argument that there was inadmissible evidence which, if revealed, would show them other acts committed by the appellant during the arrest that they should know about.

■ In the case at bar, the sustaining of appellant's objection and the giving of his requested instruction cured the improper argument.

■ Appellant contends by his fourth and final ground of error that the prosecutor indirectly referred to the length of time appellant would have to serve under any particular sentence. The complained of argument is the following:

"I am asking you to put this boy away on a sentence of life imprisonment. I am going to ask that you ask the Judge to sentence him to that, whatever that means.

MR. SIMMONS: Your Honor, we object to that remark.

THE COURT: Sustain the objection. MR. JACKSON: Well, ladies and gentlemen, we talked about the rights. You hear the defense attorney objecting. . . . So, let's do some justice to the people in this community, to the Wilson Cades of this world. Put him away for life in both cases. Sentence him to that at least."

Objection was overruled. Appellant secured all the relief requested as to the first portion of the complained of argument. The second portion was nothing more than a plea for law enforcement, which is entirely proper. See Alejandro v. State, supra.

The judgment is affirmed.

ROBERTS, J., concurs in the result.

ONION, P. J., dissents to the disposition of ground of error one and three.