Tommie C. LIVINGSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50798.

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

Charles W. Fairweather, Amarillo, for appellant.

Andy Shuval, Dist. Atty., Hereford, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is aggravated perjury under V.T.C.A., Penal Code, Sec. 37.03; the punishment, three years.

The indictment charged appellant with having made a false material statement in Cause No. 2401 in the District Court of Deaf Smith County, "such false statement being made under oath in Court and the said defendant did then and there state that he was never arrested in Dumas for driving while intoxicated or in Houston for driving while intoxicated."

The record in Cause No. 2401, introduced by the State in the case at bar, reflects that appellant entered a plea of guilty before the court to driving while intoxicated, second offense. He took the stand and testified in support of his motion for probation and denied that he was the same Tommie Livingston shown to have been arrested in Dumas and Houston for driving while intoxicated as shown in a "rap sheet". Appellant admitted that he was the same person who was convicted of driving while intoxicated in Castro County in 1972, and that he drove an automobile upon a public highway in Deaf Smith County while intoxicated on February 7, 1974, as alleged in the indictment in Cause No. 2401. The court found appellant guilty upon his plea of guilty and assessed punishment at two years probated and a fine of $360.

The State also offered records from law enforcement agencies in Houston and Dumas and the testimony of a fingerprint expert to show that appellant was one and the same person who was arrested for the offense of driving while intoxicated in those two cities.

■ At the outset, appellant complains of the court's failure to grant his motion for

mistrial when the prosecutor's argument before the jury at the guilt stage of the trial "was of such a prejudicial nature as to deprive the appellant of a fair and impartial trial."

While the argument of counsel was not originally transcribed by the court reporter, an informal bill of exception made in the presence of the jury contains the prosecutor's closing argument as follows:

"[PROSECUTOR]: He was charged with driving while intoxicated in 1966 in Houston; in 1972 in Dumas and convicted, in 1972 in Castro County and convicted, and in 1974 in this County and convicted. That's the thing.

Now, you know he has been convicted of car theft in 1949, *you don't know what else he has been convicted of or charged with in between and I am not allowed to introduce that into evidence.* (Emphasis supplied)

[DEFENSE COUNSEL]: Your Honor, at this time the defense moves for a mistrial on the grounds that the District Attorney has alluded to and suggested to incriminating facts or allegations that are not in the record supported by the evidence.

[PROSECUTOR]: This is a proper answer to the untaken argument of the defense attorney when he did not request a court reporter and he develed [sic] at length as to what convictions were admitted into evidence and that those are the only ones that we could consider and lead the Jury to believe that there were no others and *I don't know whether there are others are [sic] not, but that is good answer to his comment, that that is the only ones we can consider and that there may or may not be others.* (Emphasis supplied)

[DEFENSE COUNSEL]: Your Honor, I will renew my request for a mistrial.

THE COURT: I will overrule your motion.

[DEFENSE COUNSEL]: Note my exception."

Only that portion of the argument relating to conviction for car theft in 1949 is supported by the evidence. However, the prosecutor's statement did not inform the jury that appellant had committed other offenses. When his earlier statement is considered in context with his later statement, we cannot conclude that the remark was a plea for convicting appellant for being a criminal generally. When the argument is read as a whole, we conclude the statement was not so prejudicial as to require reversal. See *Morgan v. State*, Tex. Cr.App., 502 S.W.2d 695; *Lamberson v. State*, Tex.Cr.App., 509 S.W.2d 328; *Jones v. State*, Tex.Cr.App., 520 S.W.2d 755.

■ Appellant's ground of error two complains of the following argument of the prosecutor which immediately preceded the argument quoted above:

"[PROSECUTOR]: May it please the Court, Ladies and Gentlemen of the Jury, you may think that I am being very silly and that this is not an important case, but this is a vitally important case because if you let this Defendant go, if you believe he is guilty, he may very well go out and kill somebody.

[DEFENSE COUNSEL]: Your Honor, he didn't use the word qualify, he said if you turn him loose, no illusion whether he was guilty or innocent, he will kill somebody.

[PROSECUTOR]: If you turn the Defendant loose he is going to go out and kill somebody.

[DEFENSE COUNSEL]: All right, Your Honor, at this time I renew my objection for a mistrial on the grounds that the statement is not supported by the record, it's an attempt to prejudice the Jury and totally and—inflammatory.

THE COURT: I will overrule your motion, Mr. Fairweather.

[DEFENSE COUNSEL]: All right. Then, I also ask the Court to instruct the Jury to disregard the statement by the District Attorney as unsupported by the evidence.

THE COURT: Well, I will ask the Jury to disregard the statement made by the District Attorney."

It is apparent that the prosecutor was deducing from the prior DWI charges that appellant constituted a danger to the public, and if permitted to remain at large "may very well go out and kill somebody." Although this argument was improper, we do not find the argument so prejudicial and harmful as to require a reversal. The instruction to the jury to disregard the statement cured the error. *Elam v. State*, Tex. Cr.App., 518 S.W.2d 367; *Smith v. State*, Tex.Cr.App., 513 S.W.2d 823; *Spaulding v. State*, Tex.Cr.App., 505 S.W.2d 919.

■ In his third ground of error appellant contends that the evidence was insufficient to prove that the false statement alleged to have been made by him was material.

The late Honorable Archie S. McDonald presided over the trial in the instant case as well as the trial in Cause No. 2401 and assessed punishment in that cause. He testified that if appellant had admitted having prior arrests for driving while intoxicated it could have affected the punishment.

■ A statement is material if it could have affected the course or outcome of the official proceeding. *Childress v. State*, Tex. Cr.App., 398 S.W.2d 754; V.T.C.A., Penal Code, Sec. 37.04. Under the factual situation in this case the statement made by appellant was material. Sec. 37.04(c), supra; *Cowart v. State*, Tex.Cr.App., 508 S.W.2d 613.

■ The record shows that appellant was indicted for aggravated perjury, a felony. The judgment and sentence recite that the offense was perjury, a misdemeanor. The court's charge instructed the jury only on aggravated perjury, and the jury in their verdict found appellant guilty as charged in the indictment. The court assessed punishment for a felony, in this case, aggravated perjury.

The judgment is reformed to reflect that appellant was convicted of aggravated perjury. Since the court assessed punishment, this Court has the necessary data before it for reformation. *Lee v. State*, Tex.Cr.App., 516 S.W.2d 151. The sentence is also reformed to reflect appellant was convicted of aggravated perjury.

As reformed, the judgment is affirmed.

ROBERTS, Judge (concurring in part and dissenting in part).

The appellant in this case was convicted of aggravated perjury. V.T.C.A. Penal Code, Sec. 37.03. The offense involves no use or threatened use of force or violence. No evidence of violence or threats was introduced at trial.

Nonetheless, the prosecutor argued outside the record as follows:

"MR. SHUVAL [Prosecutor]: If you turn the Defendant loose he is going to go out and kill somebody.

"MR. FAIRWEATHER [Defense Counsel]: All right, Your Honor, at this time I renew my objection for a mistrial on the grounds that the statement is not supported by the record, it's an attempt to prejudice the Jury and totally and—inflammatory.

"THE COURT: I will overrule your motion, Mr. Fairweather.

"MR. FAIRWEATHER: All right. Then, I also ask the Court to instruct the Jury to disregard the statement by the District Attorney as unsupported by the evidence.

"THE COURT: Well, I will ask the Jury to disregard the statement made by the District Attorney. You may proceed, Mr. Shuval.

"MR. FAIRWEATHER: Thank you, Your Honor.

"MR. SHUVAL: He was charged with driving while intoxicated in 1966 in Houston; in 1972 in Dumas and convicted, in 1972 in Castro County and convicted, and in 1974 in this County and convicted. That's the thing.

Now, you know he has been convicted of car theft in 1949, you don't know what else he has been convicted of or charged with in between and I am not allowed to introduce that into evidence.

"MR. FAIRWEATHER: Your Honor, at this time the defense moves for a mistrial on the grounds that the District Attorney has alluded to and suggested to incriminating facts or allegations that are not in the record supported by the evidence.

"MR. SHUVAL: This is a proper answer to the untaken argument of the defense attorney when he did not request a court reporter and he develed [sic] at length as to what convictions were admitted into evidence and that those are the only ones that we could consider and lead the Jury to believe that there were no others and I don't know whether there are others are [sic] not, but that is good answer to his comment, that that is the only ones we can consider and that there may or may not be others.

"MR. FAIRWEATHER: Your Honor, I will renew my request for a mistrial.

"THE COURT: I will overrule your motion.

"MR. FAIRWEATHER: Note my exception."

Of course, as a majority of this Court said in *Hodge v. State*, 488 S.W.2d 779, 781–782 (Tex.Cr.App.1973):

"The question . . . whether either of the statements of counsel necessitates a reversal of the judgment is to be resolved on the basis of the probable effect on the minds of the jurors and the facts of each case must be looked to."

I agree with the majority that the argument of the prosecutor concerning inadmissible offenses outside the knowledge of the jury does not present reversible error. I cannot agree with the majority's reasoning, however, that the argument was not improper. In *Morgan v. State*, 502 S.W.2d 695 (Tex.Cr.App.1973), this Court held that an

almost identical argument was improper, but was nonetheless cured by an instruction to disregard. I would hold, under the facts of this case, that such an instruction would have cured the error, and the failure to request an instruction waived the error. See *Stearn v. State*, 487 S.W.2d 734 (Tex. Cr.App.1972).

However, I would reverse this conviction because of the prosecutor's argument that the appellant would kill someone if the jury failed to convict him. This argument was totally outside the record, and could in no way be called a logical inference therefrom.

In *Falco v. State*, 115 Tex.Cr.R. 318, 29 S.W.2d 764 (1930), this Court was confronted with a similar argument. The defendant in that case was charged with possessing intoxicating liquor for purposes of sale. The prosecutor argued to the jurors that they should "stop bootleggers running up and down the road killing people." *Id.*, at 319, 29 S.W.2d, at 765. As in the case before us, there was no testimony in the record to support the argument. The Court held, under the facts of that case, see *Hodge v. State*, supra, that reversible error was reflected.

I conclude under the facts of this case that the instruction to the jury to disregard the argument was insufficient to cure the error.[1] Compare *Simpson v. State*, 493 S.W.2d 793 (Tex.Cr.App.1973). My conclusion is based not only on the grossly prejudicial and inflammatory nature of the argument, which directly accused the appellant of having a predisposition to commit violent acts. It is also based on the fact that this argument was immediately followed by the prosecutor's thinly-veiled assertion that he knew of other criminal acts committed by the appellant which could not be admitted before the jury. This was calculated to leave in the minds of the jurors the unmistakable impression that the prosecutor had personal knowledge of the appellant's violent nature which he could not pass on to the jury.

This argument was rendered even more grievous by the fact that it came from an attorney who had been placed under oath before the jury during the trial on the merits and had provided important testimony for the State.

We have noted before that when attorneys go outside the permissible areas of jury argument they "too often place before the jury unsworn, *and most times believable*, testimony." *Alejandro v. State*, 493 S.W.2d 230, 232 (Tex.Cr.App.1973). (Emphasis added.) Certainly in this case the argument of the prosecutor was given an extra measure of credibility because he had previously sworn to tell the truth before the jury.

Under these facts, the appellant has been denied a fair and impartial trial. Compare *Moore v. State*, 530 S.W.2d 536 (Tex.Cr. App.1975), and cases there cited.

The judgment should be reversed.

ONION, P. J., joins in this opinion.

---

1. In *Falco*, the request for such an instruction was overruled.