No. 80–1737.　UNITED STATES POSTAL SERVICE BOARD OF GOVERNORS *v.* AIKENS. C. A. D. C. Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Texas Dept. of Community Affairs* v. *Burdine,* 450 U. S. 248 (1981).

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

At the behest of the petitioner, the Court today summarily vacates a judgment of the Court of Appeals for the District of Columbia Circuit and remands the case to that

court for reconsideration in light of our decision earlier this Term in *Texas Dept. of Community Affairs* v. *Burdine,* 450 U. S. 248 (1981). Because I regard this disposition as wholly inappropriate and unnecessary, I dissent.

Respondent Aikens is a retired Negro employee of the United States Postal Service. He filed this suit alleging that the Postal Service Board of Governors, petitioner here, had violated Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.,* by discriminating against him because of his race with respect to the awarding of promotions and work details. The District Court, in dismissing the action, concluded that respondent had failed to establish a prima facie case of discrimination because he had not shown "that he was as qualified or more qualified than the individuals who were promoted." The Court of Appeals reversed, concluding that the District Court's ruling was "[p]lainly . . . a misstatement of applicable law." 206 U. S. App. D. C. 109, 114, 642 F. 2d 514, 519 (1980). The panel noted that even the petitioner had conceded that the District Court had mischaracterized the showing necessary to establish a prima facie case under Title VII. *Ibid.* The court concluded that this Court's controlling decision in *McDonnell Douglas Corp.* v. *Green,* 411 U. S. 792 (1973), required that a Title VII plaintiff, as part of his prima facie case, show only that "he applied and was qualified for a job for which the employer was seeking applicants." *Id.,* at 802.[1] Accordingly, the case was remanded to

---

[1] As set forth in *McDonnell Douglas Corp.* v. *Green,* a Title VII plaintiff establishes a prima facie case of discrimination when he shows

"(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." 411 U. S., at 802.

There is no dispute in this case that the other elements of a Title VII prima facie case are satisfied. As the Court of Appeals observed:

"On the record in this case, it is clear that Aikens met the first, third

the District Court for further proceedings under the appropriate standard.

The petitioner, ignoring its earlier concession of error by the District Court, now asks this Court to vacate the judgment of the Court of Appeals on the ground that it is "inconsistent" with this Court's decision in *Texas Dept. of Community Affairs* v. *Burdine, supra.* While the majority without explanation today accepts this suggestion, I find it untenable. Simply put, our decision in *Texas Dept. of Community Affairs* has almost nothing to do with the issue raised in this case. That decision involved "[t]he narrow question . . . whether, *after the plaintiff has proved a prima facie case of discriminatory treatment,* the burden shifts to the [employer] to persuade the court by a preponderance of the evidence that legitimate, nondiscriminatory reasons for the challenged employment action existed." 450 U. S., at 250 (emphasis added). The exclusive focus of the case was on the sort of showing a Title VII defendant must make to rebut a prima facie case of discrimination. The dispute here, in contrast, involves only the threshold issue whether a Title VII plaintiff, *in order to establish a prima facie case of discrimination,* must show that he was qualified for the sought-after position or, as the District Court ruled and the petitioner now suggests, that he was as qualified as, or more qualified than, the person selected by the employer. In resolving this entirely different question, the Court of Appeals correctly turned to our decision in *McDonnell Douglas Corp.* v. *Green, supra,* and concluded that the decision of the District Court

and fourth elements of the test set forth in *McDonnell Douglas:* he is a black man; he sought promotion to higher level positions that became available; and white Post Office employees received the positions." 206 U. S. App. D. C. 109, 112, 642 F. 2d 514, 517 (1980).

Thus, the only issue raised here is the nature of the second requirement of a prima facie case: that the complainant "was qualified for a job for which the employer was seeking applicants." *McDonnell Douglas, supra,* at 802.

was "plainly at odds" with the express language of that decision.

This conclusion, in my view, is unassailable. *McDonnell Douglas* requires a Title VII plaintiff as part of his prima facie case to show that he "was qualified for a job for which the employer was seeking applicants," 411 U. S., at 802. Nothing in that decision or subsequent ones by this Court supports the District Court's view, now embraced by the petitioner, that the plaintiff at this threshold stage must also show that he was as qualified as, or more qualified than, the selected applicant. Indeed, our decision in *Texas Dept. of Community Affairs* expressly reaffirmed the *McDonnell Douglas* formulation of the prima facie case, 450 U. S., at 253–254, n. 6, and specifically noted that the respondent in that case had established this segment of the prima facie case by simply showing that she was "a qualified woman who sought an available position." *Ibid.* See also *Furnco Construction Corp.* v. *Waters,* 438 U. S. 567, 575–576 (1978).

In asserting that our decision in *Texas Dept. of Community Affairs* may have altered the *McDonnell Douglas* test of a prima facie case, the petitioner relies on the statement in *Texas Dept. of Community Affairs* that a prima facie case is established when an applicant is "rejected under circumstances which give rise to an inference of unlawful discrimination." 450 U. S., at 253. In the promotion context, the petitioner asserts, such an inference of unlawful conduct does not arise simply because a qualified applicant is rejected for a job. Other persons may have also applied for the promotion, and the rejection of the applicant may merely indicate that a *more* qualified applicant was selected. Thus, in the petitioner's view, the unsuccessful applicant for a promotion must disprove this possibility in order to establish a prima facie case of discrimination.

The petitioner's view represents one potential way to structure the burdens of proof in a Title VII case,[2] but it has never

---

[2] In my view, the fact that the chosen employee was *more* qualified than

been embraced by this Court. If the Court now feels that the issue requires re-examination, it should grant the petition for certiorari and hear oral argument in the case. Instead, the Court remands without opinion to the Court of Appeals for reconsideration in light of ambiguous dictum in an opinion dealing with an entirely distinct issue. I am at a loss to understand this disposition, as I suspect the Court of Appeals will be. Perhaps it reflects the pressures of the end of the Term, or an excessive deference to the views of the Solicitor General, or a desire for an easy, temporary solution to a potentially troublesome issue. But these reasons simply cannot justify today's disposition, which rather than clarifying the law, needlessly obscures it. Such action is contrary to our judicial duty, and I therefore dissent.

---

other qualified applicants for the job is the sort of justification that the *employer* is entitled to use to rebut the prima facie case. An applicant who has satisfied the objective qualifications established by the employer for promotion may have no way of knowing what additional considerations the employer relied on in selecting a particular person among the pool of qualified applicants. This information is uniquely within the control of the employer, and thus it places an unfair burden on the plaintiff to require him, as part of his prima facie case, to guess what additional considerations the employer might have relied on and to prove that even under these considerations he was at least as qualified as the selected applicant.