Louis H. AIKENS, Appellant,

v.

UNITED STATES POSTAL SERVICE
BOARD OF GOVERNORS, Appellees.

No. 79–1574.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 8, 1981.
Certiorari Granted March 22, 1982.
See 102 S.Ct. 1707.

On Remand.

L. Harold Aikens, Jr. pro se.

Charles F. C. Ruff, U. S. Atty., John A. Terry and Elliot R. Warren, Asst. U. S. Attys., Washington, D. C., for appellee.

Before WILKEY, WALD and ED-WARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This case is before us again because the Supreme Court vacated and remanded for reconsideration our decision that appellant had made out a prima facie case of racial discrimination in employment.[1]  Applying the legal standards set forth below, we re-

---

1. *Aikens v. United States Postal Serv.*, 642 F.2d 514 (D.C.Cir.1980), *rev'd*, —— U.S. ——, 101 S.Ct. 3135, 69 L.Ed.2d 989 (1981).

verse the district court's grant of summary judgment to appellee and remand for further proceedings.

## I. HISTORY OF THE CASE

Appellant Louis Aikens brought this Title VII action alleging that appellee United States Postal Service failed to promote him on account of his race. The district court granted summary judgment for the Postal Service because appellant failed to make out a prima facie case of racial discrimination. This court reversed on two grounds. First, the majority rejected the district court's legal conclusion that appellant's claim failed because he did not "prove that he was as qualified or more qualified than the individuals who were promoted or detailed." [2] Reviewing the evidence in the record, the majority determined that appellant had established a prima facie case of racial discrimination under the test set forth in *McDonnell Douglas Corp. v. Green.*[3] Second, we found that the district judge had erred in holding that it was "critical" for appellant to offer "proof of discriminatory motive on the part of defendant." [4] Judge Wilkey dissented from the majority's finding that appellant had met his burden of establishing a prima facie case.

The Supreme Court granted the Postal Service's certiorari petition, vacated the judgment, and remanded the case back to this court for further consideration in light of *Texas Department of Community Affairs v. Burdine.*[5] In *Burdine*, which dealt primarily with allocation of the burden of proof where the plaintiff has proved a prima facie case of discrimination, the Court set forth the basic requirements for establishing a prima facie case. *Burdine* in no way alters our conclusion that the district court erred in requiring appellant to prove discriminatory motive on the part of appellee. After considering *Burdine's* elabora-

tion of the *McDonnell Douglas* test, however, we remand to the district court for consideration of whether appellant has proved a prima facie case of racial discrimination.

## II. ANALYSIS

In *Burdine* the Supreme Court summarized the three stages in a Title VII case alleging discriminatory treatment:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.[6]

This case deals with the first stage, where the plaintiff must prove a prima facie case, *i. e.,* "the establishment of a legally mandatory, rebuttable presumption" that the employer discriminated against him.[7] In *McDonnell Douglas* the Court stated that a plaintiff may establish a prima facie case by showing

(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.[8]

The Court elaborated on this test in *Burdine:*

---

**2.** *Aikens v. Bolger,* No. 77–0303, Conclusion of Law ¶ 8 (D.D.C. 26 Feb. 1979), *reprinted in* Appendix (App.) at 24.

**3.** 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972).

**4.** Conclusion of Law ¶ 7, *reprinted in* App. at 24.

**5.** 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

**6.** *Id.* 101 S.Ct. at 1093 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 1824, 1825, 36 L.Ed.2d 668 (1973)).

**7.** *Id.* 101 S.Ct. at 1094 n.7.

**8.** 411 U.S. at 802, 93 S.Ct. at 1824.

The burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff must prove by a preponderance of the evidence that she applied for an available position, for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection. See *Teamsters v. United States*, 431 U.S. 324, 358 & n.44, 97 S.Ct. 1843, 1866 n.44, 52 L.Ed.2d 396 (1977). As the Court explained in *Furnco Construction Co. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978), the prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.[9]

■ The issue here concerns the second part of the *McDonnell Douglas* test, the question of the plaintiff's qualifications for the positions sought. The district court found "that plaintiff has failed to present a *prima facie* case of racial discrimination in that plaintiff failed to prove that he was as qualified or more qualified than the individuals who were promoted or detailed."[10] In light of *McDonnell Douglas* and *Burdine*, this was plain error. The Supreme Court has never stated that establishment of a prima facie case must include proof that plaintiff was "as qualified or more qualified" than the persons hired or promoted. Such a demonstration may be essential at the third stage of the litigation, where the plaintiff has the ultimate burden of persuading the factfinder that the Government has offered no true nondiscriminatory reasons for its action. But this standard is not applicable to the prima facie case.

■ This is not to suggest that the required prima facie showing of plaintiff's qualifications is without meaning. The Supreme Court has noted that, as part of a prima facie case, the plaintiff must demonstrate that his rejection did not stem from "an absolute or relative lack of qualifications."[11] A plaintiff who demonstrates that he possesses the absolute minimum qualifications for a job, therefore, does not necessarily make out a prima facie case; if the employer has indicated that certain additional qualifications are necessary or preferred, the plaintiff must demonstrate that he has those qualifications as well.

■ If the plaintiff succeeds in presenting a prima facie case, the burden of *production* shifts to the employer. *Burdine* makes clear that the employer need only articulate (not prove) a legitimate, nondiscriminatory reason for rejecting the plaintiff. The opinion in *Burdine* also states that the employer's reason must be stated "with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext";[12] often the employer may meet this burden simply by stating that the applicant hired or promoted was more qualified in a particular respect than the plaintiff. The second stage of the *McDonnell Douglas* formulation allows the employer quickly to "frame the factual issue" on which the plaintiff must prevail in order to prove discrimination.[13] To succeed in his or her claim, the plaintiff must prove

---

9. 101 S.Ct. at 1094 (footnotes omitted).

10. Conclusion of Law ¶ 7, *reprinted in* App. at 24.

11. *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44, 97 S.Ct. 1843, 1866 & n.44, 52 L.Ed.2d 396 (1977).

12. 101 S.Ct. at 1095.

13. *Id.*

at the third stage that the employer's proferred nondiscriminatory reason for its action was merely a pretext for actual discrimination. This burden of proving discrimination never shifts, but "remains at all time with the plaintiff." [14]

■ We recognize that Title VII cases involving professional and managerial positions raise uniquely difficult issues not found in cases involving lower-level jobs. Most abilities of a successful manager—especially the ability to assume responsibility for motivating and directing other employees—are intangible, and each applicant could bring to the position an enormous variety of life experiences that are relevant. The three stages of the *McDonnell Douglas* framework are flexible enough, we believe, to facilitate a fair and efficient resolution of such difficult issues. At the prima facie stage, as noted above, the plaintiff may be required to go beyond a showing of minimum qualifications to demonstrate that he possesses whatever qualifications or background experiences the employer has indicated are important. At the second stage, the employer must indicate which qualifications or background experiences formed the basis of his hiring or promotion decision; then, at the final stage, the plaintiff would have to show his superiority in those areas in order to prove discrimination. As the Court reiterated in *Burdine*, Title VII does not affect the employer's "discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." [15]

### III. CONCLUSION

■ The district court concluded that appellant did not prove that he was as qualified or more qualified than the successful applicants. Not only was this an erroneous legal standard for the prima facie case stage of a Title VII case, but the court did not make findings on appellant's qualifications clear enough to permit us to determine if a prima facie case was established. Consequently, we must remand to the court for determination of this issue. If the court finds that appellant has demonstrated that his rejection did not result from "an absolute or relative lack of qualifications," [16] the Government must then articulate a legitimate nondiscriminatory reason for its rejection of appellant. If such a reason is articulated, appellant bears the ultimate burden of proving that the Government's justification is a mere pretext for discrimination. For the reasons stated in our original decision, the court should not require direct proof of discriminatory motive on the part of the Postal Service.[17] The district court's grant of summary judgment is hereby

*Vacated and Remanded.*

---

**14.** *Id.* 101 S.Ct. at 1093.

**15.** *Id.* 101 S.Ct. at 1097.

**16.** *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44, 97 S.Ct. 1843, 1866 & n.44, 52 L.Ed.2d 396 (1977).

**17.** *See* 642 F.2d at 519–20; *id.* at 521 (Wilkey, J., dissenting).