Moses Lopez **GARCIA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59621.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1982.

**247**

Stanley Schneider, Houston, for appellant.

Carol M. Vance, Dist. Atty., Michael Kuhn, Ron Woods and R.P. Cornelius, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

McCORMICK, Judge.

Appellant was convicted of capital murder and sentenced to death. On appeal this Court affirmed the conviction. *Garcia v. State,* 581 S.W.2d 168 (Tex.Cr.App.1979). Thereafter, the United States Supreme Court, 453 U.S. 902, 101 S.Ct. 3133, 69 L.Ed.2d 988, granted appellant's petition for writ of certiorari, vacated this Court's judgment, and remanded the case to this Court for further consideration in light of *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

As was noted in the original opinion, Dr. Jerome Brown was called as a witness for the State during the punishment phase of the trial. Appellant objected to such testimony on the grounds that it would violate the appellant's right against self-incrimination. The record also reflects that appellant objected to such testimony on the basis that he would be denied the right to effective assistance of counsel and the right of "consultation." Appellant's objections were clearly made on the basis of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

At trial, Dr. Brown testified outside the presence of the jury that he interviewed appellant pursuant to a court order signed by Judge McMasters. He testified on cross-examination that prior to the interview and prior to the administering of various psychological tests, he informed appellant that he (appellant) did not have to tell him (Brown) anything and, "[a]nything he doesn't want to talk about, he doesn't have to if he doesn't want to." In light of the Court's original opinion overruling appellant's Fifth Amendment contentions [based on *Livingston v. State,* 542 S.W.2d 655 (Tex. Cr.App.1976); *Shippy v. State,* 556 S.W.2d 246 (Tex.Cr.App.1977); and *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978) ] it is not immediately apparent whether the Court concluded that the warnings given appellant by Dr. Brown were sufficient to satisfy the requirements of *Estelle v. Smith,* supra. However, because of the disposition we make infra, we shall postpone such a determination. We do note that the record before us fails to disclose whether the examination conducted by Dr. Brown was done at the request of appellant or the State. Nor does the record reflect that Judge McMasters did in fact sign an order for such examination.

As to appellant's Sixth Amendment contentions, the record reflects that counsel had been appointed to represent appellant prior to the time the examination was conducted. It is silent as to whether appellant's counsel was notified that such examination was to be conducted or whether appellant consulted with his counsel prior to the examination. Since *Estelle v. Smith,* supra, had not been decided at the time this case was tried, and since this Court had decided these contentions adverse to appellant [see *Livingston, Shippy,* and *Von Byrd,* supra], it is clear that the State was unaware of the necessity to show such matters affirmatively on the record.

Finally, Dr. Brown testified that, based upon facts contained in a hypothetical question as well as his examination, there was a probability that appellant would commit criminal acts of violence that would cause him to be a continuing threat to society.

In light of the record, we are unable to determine the validity of appellant's contentions. Therefore, we shall abate appellant's appeal and remand this cause to the trial court with instructions that a hearing be held to consider appellant's contentions in light of *Estelle v. Smith,* supra. The trial court shall hold such hearing and file with this Court a transcript of same together with findings of fact and conclusions of law within ninety (90) days from the date hereof.

It is so ordered.

ROBERTS, J., concurs.

ONION, P.J., dissents.

TEAGUE, J., not participating.