Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00338-CR

____________

 

CLIFFORD G. OLSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1029022

 



 

M E M O R A N D U M   O P I N I O N

Appellant Clifford G. Olson was indicted for the felony
offense of driving while intoxicated, third offender.  A jury convicted him,
and the trial court assessed his sentence, after finding two enhancement
paragraphs to be true, at thirty years= confinement in
the Texas Department of Criminal Justice.  Appellant claims that the trial
court erred by denying his motion to suppress statements he made to police
officers during the traffic stop and in refusing to grant a mistrial in
response to the State=s improper jury argument.  We affirm.








Appellant has not raised a legal or factual sufficiency
challenge, and we therefore outline only the facts necessary to resolve this
appeal.  On November 10, 2004, Officer Wendy Burks of the Metropolitan Transit
Authority observed appellant drive through a red light without the use of his
headlights, even though it was 8:20 p.m. and dark outside.  Officer Burks
signaled appellant to stop, which he did quickly.  Officer Burks smelled alcohol
and marijuana coming from appellant and his van.  She called for backup, and
Officer Jose Coronado of the Metropolitan Transit Authority arrived.  Officer
Coronado performed a horizontal gaze nystagmus testCutilized to test
for sobrietyCbut appellant refused to perform the other
field-sobriety tests.  Appellant was then placed under arrest and transported
to the Houston Police Department where he performed other sobriety tests and
gave a breath sample to test his blood alcohol content.  The breath test showed
appellant to have a blood alcohol content of more than twice the legal limit.

In his first issue, appellant complains the trial court
erred in failing to suppress his statements made to Officers Burks and
Coronado.  At trial, before opening arguments but after voir dire, appellant
made an oral motion to suppress these statements on the grounds they were
inadmissible under Texas Code of Criminal Procedure article 38.22.  On appeal,
appellant does not base his argument on article 38.22 but rather asserts
arguments under the federal and state constitutions.  A specific and timely
objection is required to preserve error.  See Tex. R. App. P. 33.1(a); Swain v. State, 181 S.W.3d 359,
365 (Tex. Crim. App. 2005).  Appellant=s objection to the
trial court based on article 38.22 does not comport with his constitutional
arguments on appeal, and thus he has failed to preserve error on this issue.  See
Swain, 181 S.W.3d at 365 (holding appellant waived argument on appeal for
suppressing statements by failing to make such argument to the trial court). 
We overrule appellant=s first issue.








In his second argument, appellant asserts the trial court
erred in denying his motion for mistrial based on improper jury argument. 
During the State=s closing argument at the guilt/innocence
phase of trial, the prosecutor twice made comments implying that appellant
could kill someone in the future by driving while intoxicated.  Appellant
objected to both comments, the trial court sustained both objections, and the
trial court instructed the jury both times to disregard.  However, the trial
court did not grant a mistrial.  We need not decide if the prosecutor=s statements were
improper because even if they were, the trial court cured any harm.

An instruction from the trial court to disregard the
statement normally cures any error.  See Hinojosa v. State, 4 S.W.3d
240, 253 (Tex. Crim. App. 1999).  If a trial court sustains an objection to a
comment, instructs the jury to disregard the statement, but denies a motion for
mistrial, the issue we must determine is whether the trial court abused its
discretion in denying the motion.  Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004).  A mistrial is required only when the error is
incurable and Aso prejudicial that expenditure of further time and
expense would be wasteful and futile.@  Id.  The
Court of Criminal Appeals found that a very similar argument referring to the
possibility of the defendant killing someone in the future was not so
prejudicial as to require a mistrial and that the trial court=s instruction to
disregard cured the error.  See Livingston v. State, 531 S.W.2d 821, 823 (Tex. Crim. App. 1976); see also
Coons v. State, 758 S.W.2d 330, 337 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d) (holding that any error in denying
mistrial for prosecutor=s statements that defendant would A[k]ill the victim next time@ was cured by instruction to
disregard).  Accordingly, we conclude that the trial court=s instruction to disregard cured any
prejudice from the comments and that the trial court thus did not abuse its
discretion in denying appellant=s motion for mistrial.  We overrule appellant=s second issue.

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed June 19, 2007.

Panel consists of
Justices Yates, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).