NUMBER 13-08-00519-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BRIAN ROBERT KOTARA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza



 Appellant, Brian Robert Kotara, was convicted of aggravated sexual assault of a
child, a first-degree felony. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B), (e)
(Vernon Supp. 2008). The trial court sentenced him to twenty-five years' confinement in
the Institutional Division of the Texas Department of Criminal Justice. By four issues on
appeal, Kotara contends that: (1) the trial court erred by failing to ensure that Kotara was
present at the hearing on his motions for new trial; (2) he was afforded ineffective
assistance of counsel because he "entered a plea of guilty under the misconception that
he was likely to receive probation or community supervision"; (3) he was afforded
ineffective assistance of counsel because "he was never informed of the State's willingness
to enter into a plea bargain for a sentence of ten years"; and (4) "[i]ncreasing the State's
recommended punishment from 10 years to 25 years, with no further justification,
constituted prosecutorial misconduct." We affirm.

I. Background

 A Nueces County grand jury indicted Kotara on August 16, 2007. (1) At a hearing
before the trial court on January 14, 2008, Kotara entered an "open" guilty plea to the
charged offense, and the trial court certified Kotara's right to appeal. A sentencing hearing
was held on June 12, 2008, at which the trial court pronounced Kotara's sentence of
twenty-five years' imprisonment.

 On July 8, 2008, Kotara's appellate counsel filed a motion for new trial with the trial
court, complaining that Kotara's prior trial counsel provided ineffective assistance. The
motion specifically alleged that Kotara's trial counsel failed to: (1) call Kotara's therapist
or psychologist to present mitigation evidence; (2) negotiate a "specific plea or cap" with
the State; (3) advise Kotara that he was not eligible for court-ordered probation; (4) advise
Kotara that a jury would have been authorized to grant probation; (5) "exploit the fact that
the complainant initially lied about the circumstances of the incident"; and (6) "investigate
the sexual promiscuity of the complainant which may have [a]ffected the length of
sentence." The July 8, 2008 motion also contended that "a 25 year sentence for a first
time offense of fondling a sexually active teenager was unconscionable and excessive."

 On July 11, 2008, Kotara's appellate counsel filed an additional motion entitled
"Motion for New Trial / Motion for Rehearing." This second motion noted that, at the
sentencing hearing on January 12, 2008, "some evidence was entered regarding a
collateral felony sexual assault [charge against Kotara] that was pending in Karnes
County," and that "[n]ew evidence has just been obtained consisting of an order formally
dismissing" that charge.

 A hearing was held on Kotara's motions for new trial on August 25, 2008. At the
hearing, the State's attorney noted that the trial court had signed a bench warrant
summoning Kotara to be present at that time, but that the bench warrant was not executed
and Kotara was not present. (2) Nevertheless, Kotara's appellate attorney, who represented
Kotara at the hearing, indicated that he was willing to proceed despite his client's absence
because August 25, 2008 was the seventy-fifth day following the imposition of Kotara's
sentence. See Tex. R. App. P. 21.8(a) ("The court must rule on a motion for new trial within
75 days after imposing or suspending sentence in open court.").

 The only witness to testify at the August 25, 2008 hearing was Kotara's wife,
Jennifer. When asked by Kotara's counsel whether "you were involved with the
conversations with the [prior] attorney," Jennifer replied in the affirmative. Jennifer further
testified that Kotara's prior attorney did not: (1) talk with Kotara about whether he was
eligible for probation; (2) tell Kotara that the judge was not able to order probation; (3) tell
Kotara that he was not eligible for probation unless the sentence was ten years or less; (4)
tell Kotara that he had the option to go to the jury for punishment and request probation
from the jury; or (5) inform Kotara that the State had made an offer for a plea agreement
under which Kotara would be sentenced to ten years' imprisonment. The trial court denied
the motions for new trial. This appeal followed.

II. Discussion

A. Presence at Hearing on Motion for New Trial

 By his first issue, Kotara contends that the trial court "erred in failing to ensure" his
presence at the August 25, 2008 hearing on his motions for new trial. Kotara argues that
his presence at the hearing was necessary because his testimony "needed to be
developed to establish reasons for a lesser sentence and issues of ineffective assistance
of counsel."

 Article 33.03 of the Texas Code of Criminal Procedure requires that in all
prosecutions for felonies, the accused must be personally present at trial, except when the
accused voluntarily absents himself after pleading to the indictment or information, or after
the jury has been selected. Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006); see
Adanandus v. State, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993); Hodges v. State, 116
S.W.3d 289, 296 (Tex. App.-Corpus Christi 2003, pet. ref'd). The right is entailed within
a defendant's right to confront witnesses against him under the United States and Texas
Constitutions. Miller v. State, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); Hodges, 116
S.W.3d at 296; see U.S. Const. amend. VI; Tex. Const. art. I, § 10. The right extends to
a hearing on a motion for new trial. Coons v. State, 758 S.W.2d 330, 339 (Tex.
App.-Houston [14th Dist.] 1988, pet. ref'd). If we find error under article 33.03, we must
determine whether the presence of the appellant bears a reasonably substantial
relationship to the opportunity to defend. Hodges, 116 S.W.3d at 296; Bath v. State, 951
S.W.2d 11, 22 (Tex. App.-Corpus Christi 1997, pet. ref'd).

 The right to be present until the jury has been selected cannot be waived. Miller,
692 S.W.2d at 91; Tracy v. State, 14 S.W.3d 820, 826 (Tex. App.-Dallas 2000, pet. ref'd). 

However, a defendant may waive his right to be present at a motion for new trial. Coons,
758 S.W.2d at 339 (citing Phillips v. State, 163 Tex. Crim. 13, 288 S.W.2d 775 (1956)). 
Reversal is required only where the defendant desires to be present at the hearing and is
denied that right. Id. (citing Jackson v. State, 379 S.W.2d 896 (Tex. Crim. App. 1964);
Lacy v. State, 374 S.W.2d 244 (Tex. Crim. App. 1963)).

 At the hearing on Kotara's motions for new trial, his appellate counsel stated that
he chose to proceed without his client's presence because a postponement of the hearing
would have caused the motions for new trial to be overruled by operation of law. See Tex.
R. App. P. 21.8(a); State v. Gutierrez, 143 S.W.3d 829, 831 (Tex. App.-Corpus Christi
2004, no pet.). Although the issuance of the bench warrant may be some evidence that
Kotara at one point desired to be present at the hearing, the record does not contain any
evidence as to why the bench warrant was not executed, why the hearing was scheduled
so close to the seventy-five-day deadline, or why Kotara failed to appear at the hearing. 
Without any such evidence, we cannot say that Kotara "was denied the ability to appear"
at the hearing. See Coons, 758 S.W.2d at 339. Accordingly, we find no error under article
33.03. Kotara's first issue is overruled.

B. Ineffective Assistance of Counsel--Voluntariness of Plea

 Kotara contends by his second issue that his trial counsel was ineffective because
Kotara "entered a plea of guilty under the misconception that he was likely to receive
probation or community supervision." (3) According to Kotara, the lack of effective counsel 
rendered his guilty plea involuntary.

 When a defendant challenges the voluntariness of a plea entered upon the advice
of counsel, contending that his counsel was ineffective, "the voluntariness of the plea
depends on (1) whether counsel's advice was within the range of competence demanded
of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have insisted on going
to trial." Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Once a defendant has pled guilty
and attested to the voluntariness of his plea, he bears a heavy burden at a subsequent
hearing to demonstrate a lack of voluntariness. Garcia v. State, 877 S.W.2d 809, 812
(Tex. App.-Corpus Christi 1994, pet. ref'd). Generally, a guilty plea is considered voluntary
if the defendant was made fully aware of the direct consequences. State v. Jimenez, 987
S.W.2d 886, 888 (Tex. Crim. App. 1999) (en banc) (citing Brady v. United States, 397 U.S.
742, 755 (1970)).

 Additionally, to support a claim of ineffective assistance of counsel where the
complaint is that counsel misunderstood the law regarding community supervision, "more
must be apparent from the record than trial counsel's mere mistake." State v. Recer, 815
S.W.2d 730, 731 (Tex. Crim. App. 1991). Instead, there must be evidence that: (1) the
defendant was initially eligible to receive probation; (2) counsel's advice to go to the trial
judge for sentencing was not given as part of a valid trial strategy; (3) the defendant's
decision to have the judge assess punishment was based on his attorney's erroneous
advice; and (4) the defendant's decision would have been different if his attorney had
correctly informed him of the law. Id. at 731-32 (citing Ex parte Cruz, 739 S.W.2d 53, 59
(Tex. Crim. App. 1987); Flanagan v. State, 675 S.W.2d 734, 746-47 (Tex. Crim. App.
1984); Mercado v. State, 615 S.W.2d 225 (Tex. Crim. App. 1981)).

 On appeal, Kotara points solely to his wife's testimony at the hearing on the motions
for new trial in arguing that his trial counsel never advised him that he was ineligible for
court-ordered community supervision. However, Jennifer did not testify that she was privy
to each and every communication between Kotara and his trial counsel; accordingly, it is
possible that counsel discussed Kotara's ineligibility with him while she was not present. 
Even if Jennifer did testify that she was present for all such communications and that
counsel never informed Kotara of his ineligibility, we must "afford almost total deference"
to the trial court's determination of the historical facts and of mixed questions of law and
fact that turn upon an evaluation of credibility and demeanor. Rodriguez v. State, 191
S.W.3d 428, 453 (Tex. App.-Corpus Christi 2006, pet. ref'd) (citing Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997); Jennings v. State, 107 S.W.3d 85, 89-90 (Tex.
App.-San Antonio 2003, no pet.)). Moreover, the record is devoid of evidence indicating
that Kotara's decision to have the judge assess punishment was based on his counsel's
advice, or that such advice represented anything but a valid trial strategy. See Recer, 815
S.W.2d at 731-32.

 Kotara has not met his "heavy burden" to establish that his plea was involuntary
because of ineffective assistance of counsel. See Garcia, 877 S.W.2d at 812. 
Accordingly, we overrule his second issue.

C. Ineffective Assistance of Counsel--Plea Bargain Offer

 By Kotara's third issue, he argues that his trial counsel was ineffective because
Kotara was "never informed of the State's willingness to enter into a plea bargain for a
sentence of ten years." (4)

 To establish a claim for ineffective assistance of counsel, Kotara must show (1) his
attorney's representation fell below an objective standard of reasonableness, and (2) there
is a reasonable probability that, but for his attorney's errors, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 664, 668; Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Jaynes v. State, 216 S.W.3d 839, 851
(Tex. App.-Corpus Christi 2006, no pet.). Whether this test has been met is to be judged
on appeal by the totality of the representation, not by any isolated acts or omissions. 
Jaynes, 216 S.W.3d at 851. The burden is on the appellant to prove ineffective assistance
of counsel by a preponderance of the evidence. Id. Our review of counsel's
representation is highly deferential, and we will find ineffective assistance only if the
appellant overcomes the strong presumption that his counsel's conduct fell within the wide
range of reasonable professional assistance. See Strickland, 466 U.S. at 689; Jaynes, 216
S.W.3d at 851. Further, the acts or omissions that form the basis of appellant's claim of
ineffective assistance must be evidenced by the record. See Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999); Jaynes, 216 S.W.3d at 851. In most cases, a silent
record which provides no explanation for counsel's actions will not overcome the strong
presumption of reasonable assistance. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001); Thompson, 9 S.W.3d at 813-14. 

 Ineffectiveness of counsel will be established where counsel fails to timely
communicate a plea bargain offer and the defendant states that he would have accepted
the plea bargain offer if he had been informed of it. State v. Williams, 83 S.W.3d 371, 375
(Tex. App.-Corpus Christi 2002, no pet.) (citing Ex parte Lemke, 13 S.W.3d 791, 796 (Tex.
Crim. App. 2000); Paz v. State, 28 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2000, no
pet.)). Defendants who are not informed of a plea bargain offer at all by their attorneys are
generally viewed as having been prejudiced by the missed opportunity to accept an offer
and present it to the court for consideration in sentencing. Williams, 83 S.W.3d at 375
(citing Lemke, 13 S.W.3d at 796).

 Here, although Kotara's wife testified that she did not hear Kotara's trial counsel
advise him of the State's plea bargain, Kotara was not present and did not testify at all at
the hearing on the motions for new trial. Even if Kotara was available and did testify that
his trial counsel did not inform him of the offer, no evidence was adduced establishing that
Kotara would have accepted the offer had he been informed of it. See Williams, 83
S.W.3d at 375. Moreover, neither of Kotara's motions for new trial alleged that his trial
counsel was ineffective in this particular way. See Tex. R. App. P. 21.2 ("A motion for new
trial is a prerequisite to presenting a point of error on appeal only when necessary to
adduce facts not in the record."); Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App.
2002) (stating that, in order to warrant a hearing on a motion for new trial, "the supporting
affidavit must reflect that reasonable grounds exist for holding that such relief should be
granted").

 We conclude that Kotara has not overcome the strong presumption that his trial
counsel's conduct fell within the wide range of reasonable professional assistance. See
Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851. Kotara's third issue is overruled.

D. Prosecutorial Misconduct

 By his fourth issue, Kotara claims that the State's attorney committed misconduct
by recommending a sentence of twenty-five years at the sentencing hearing of June 12,
2008, having previously "recommended a sentence of 10 years in a plea bargain offer." 
Kotara asks us to conclude that "the recommendation of 25 years was retaliation for not
entering a plea of guilty." 

 The only authority Kotara cites in support of this claim is San Roman v. State, in
which the El Paso Court of Appeals held that "[w]henever a judge imposes a more severe
sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively
appear." 815 S.W.2d 785, 789 (Tex. App.-El Paso 1991, no pet.). This does not apply,
however, to plea bargain offers made by the State. Indeed, the State notes correctly that
"a plea may be induced by promise of recommendation of a lenient sentence or a reduction
of charges, and . . . it is also permissible, in the plea context, to confront a defendant with
a risk of more severe punishment." Sterling v. State, 791 S.W.2d 274, 278 (Tex.
App.-Corpus Christi 1990, pet. ref'd) (citing Bordenkircher v. Hayes, 434 U.S. 357, 364
(1978)). Kotara has not established that the prosecutor committed misconduct in the
instant case. His fourth issue is overruled.

III. Conclusion

 We affirm the judgment of the trial court.



 

 DORI CONTRERAS GARZA,

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 21st day of May, 2009.
1. The indictment alleged specifically that:


BRIAN ROBERT KOTARA, defendant, on or about JUNE 10, 2007, in Nueces County,
Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ
of [T.S.], a female child younger than 14 years of age and not the spouse of the defendant,
by the defendant's finger, against the peace and dignity of the State.
2. Although no bench warrant appears in the record before us, we note that Kotara's appellate counsel
also stated at the August 25, 2008 hearing that the trial court had in fact signed a bench warrant summoning
Kotara to appear.
3. Under article 42.12 of the code of criminal procedure, a defendant adjudged guilty of aggravated
sexual assault is not eligible for court-ordered community supervision. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(1)(E) (Vernon Supp. 2008). However, a defendant that pleads guilty or nolo contendere to that offense
is eligible for deferred adjudication community supervision if the trial court makes a finding in open court that
placing the defendant on community supervision is in the best interest of the victim. Id. art. 42.12, § 5(a).
4. As part of his closing argument at the hearing on the motions for new trial, the State's attorney stated
as follows:


There was a plea offer to [sic] ten years. I think the defendant turned it down. And as the
Court knows, it's up to the defendant and the defense counsel as to what they're going to do
when they do a plea. Now, they chose, instead of taking the ten years, one of two options. 
They could have gone to a jury and taken their chances with the jury. But based on the facts
. . . they felt that it would be better to go to the Court, because the Court has heard things,
the Court deals with a lot of cases, the Court deals with murders, the Court deals with rapes,
and they were hoping that throwing themselves to the mercy of the Court it would be better
for them.