**Sentence vacated and remanded for resentencing and Memorandum Opinion filed September 8, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00155-CR

## MICHAEL OLUWAPELUMI OJEAGA-IBRAHIM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1657399**

## MEMORANDUM OPINION

In two issues, appellant Michael Ojeaga-Ibrahim challenges the post-judgment proceedings occurring in his absence that resulted in a five-year reduction in his sentence on his aggravated robbery conviction. Under the current statutory regime, even though his lawyer lodged no objection to proceeding in his absence, without a written waiver from appellant regarding his presence, the trial court was bound to sentence him in his presence. The court's attempt to reduce

appellant's sentence outside his presence is void.  We dismiss this appeal and remand to the trial court for in-person sentencing of appellant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After quietly monitoring a chatroom conversation about a residential robbery opportunity that could yield "a great amount of weed" and perhaps money, appellant with three others broke into Creighton Holland's parent's home.  He carried a gun.

Creighton Holland was home from college for the holidays when appellant and the three other men broke into his parents' house. Holland awoke to one of the men all dressed in black hitting him with a loaded gun. The men were asking Holland and a friend at his house about money, car keys, and safes while "kicking, punching [], and pistol whipping" them.[1] When appellant and the other three men who broke into Holland's house saw officers approaching the front door, they ran out a back door. Appellant waived his rights, admitted to breaking into the house, and admitted having a gun while doing so.

Appellant was charged by indictment with the felony offense of aggravated robbery, a first-degree felony punishable by a term of imprisonment from 2-20 years and a fine not to exceed $10,000. TEX. PENAL CODE § 29.03.  Appellant pleaded guilty as charged in the indictment without an agreement as to punishment, and submitted punishment and sentencing to the court.

In addition to the evidence discussed above, appellant presented mitigating evidence through his own testimony, and letters and school records attached to the

---

[1] At his presentencing hearing, appellant said his participation was non-violent, and that he remained downstairs.  He explained that when he discovered the amount of weed at the house was no more than he could smoke, he was perturbed and began opening the presents under the Christmas tree, which he explained was also disappointing.

presentence investigation report. The evidence suggested appellant's biological father was not present his life, that his mother died when he was eight-years old, and subsequently split time growing up between his godmother's house and her sister's house.  After graduating high school appellant went to college at Blinn, but had to return for financial reasons, and for a month or so after that up to the time of the offense, had returned to live with his godmother. Appellant's godmother's sister explained that she was "surprised, heartbroken" and in disbelief that the offense had happened.

On February 12, 2021, in open court the trial court judge adjudicated appellant's guilt and sentenced him to 20-years in the Texas Department of Criminal Justice ("TDCJ").[2]    Following the court's oral pronouncement, the proceeding concluded with the following exchange between the court and appellant:

> [Appellant]: Twenty years in jail?
> [Trial Judge]: Sir, you completely lied to me. I don't --
> [Appellant]: No, it's --
> [Trial Judge]: -- believe anything that –
> [Appellant]: -- the truth, sir.
> [Trial Judge]: -- came out of your mouth.
> [Appellant]: I've told you nothing but the truth.
> [Trial Judge]: You're remanded to the custody of the sheriff to obey --
> [Appellant]: Sir --
> [Trial Judge]: -- and carry out the orders --
> [Appellant]: Sir --
> [Trial Judge]: -- of this Court.
> [Appellant]: Sir, I promise you. It's nothing but the truth. Everything.

---

[2] The same day, the Court entered a written judgment of conviction reflecting the same.

They -- bro, they know where I -- give me some time to -- out of school. I'm in school, sir. Twenty years, sir? Allie, help me. What did I -- I didn't lie. It's the truth.

In the spirit of her client's parting request, on March 5, 2021, appellant's trial counsel timely filed a motion to reconsider the sentence. The totality of the motion, states as follows:

> NOW COMES Defendant, Michael Ojeaga, Movant herein, and files this Motion to Reconsider, and shows the Court the following:
>
> I.
>
> That there was a sentencing trial held on 02/12/2021 in this case. Defendant was sentenced to 20 years TDCJ.
>
> II.
>
> The state of Texas moved the court for 15 years TDCJ.
>
> III.
>
> Movant requests this Court to reconsider the sentence imposed in this case.
>
> III.
>
> WHEREFORE, PREMISES CONSIDERED, Movant requests this Court to order that a hearing shall be held to reconsider the aforementioned Judgement and for such other relief this Court may deem appropriate.

The motion was not verified and included no evidence.

On March 13, 2021, appellant filed a notice of appeal, challenging the February 12, 2021 judgment.

On March 30, 2021, trial court heard trial counsel's motion for reconsideration, without appellant present.[3] Appellant's counsel declined the court's invitation to present evidence, asked for the mercy of the court, and suggested that six years would be appropriate. Although the court did not agree

---

[3] The State made no formal appearance on the record, but transcript for the hearing indicates that the State appeared at the hearing by Zoom.

4

with appellant's counsel's sentencing recommendation, the court granted the motion and attempted to re-sentence appellant as follows:

> [Trial Judge]: He showed next to zero remorse, probably committed perjury, and probably admitted to perjury. I definitely did not find him to be remotely credible in the least bit and -- the State did ask for 15 and I did go over that, but I will -- I'll grant your motion and reform his sentence and sentence him to 15 years.

> [Appellant's trial counsel]: Thank you, Your Honor. Thank you so much.

> [Trial Judge]: And just for the record and everything else, I do respect your advocacy and by no means was this anything you did. It was just the utter lack of remorse and the utter lack of honesty before the Court was the problem.

> The court subsequently signed a written order on March 30, 2021. The order

states:

> On [Blank], came to be considered the Motion for Reconsideration in this cause. After considering the evidence adduced at the hearing on this request, the Court finds good cause for such reconsideration and said Motion is GRANTED.

> IT IS THEREFORE ORDERED that a sentencing rehearing shall be held in open court at the 209th Criminal Judicial District Court at [Blank] on [Blank].

> IT IS FURTHER ORDERED that Defendant, shall immediately give opposing party notice of this hearing as required by law.

> Below, the motion is signed by the judge and dated "3/30/2021".

Under the signature line the court made the following notation:

> **Motion is granted and judgment is reform** [sic] **to 15 years in the Texas Department of Criminal Justice**.

> These events - the trial court's granting of trial counsel's motion for

reconsideration and punishment assessment without appellant present, and the resentencing in his absence – are the focal points of this appeal.

5

## II. ISSUES AND ANALYSIS

In two issues, appellant argues that the trial court erred in conducting the motion for new trial in his absence and in sentencing him in his absence. State has generally responded to the two issues as one and contends that appellant failed to preserve or waived the error for all purposes.

## A. Did the trial court reversibly err when it heard appellant's motion for reconsideration in his absence?

In his second issue, appellant contends that the trial court erred in proceeding on his motion for reconsideration on punishment when he was not present. The State argues appellant waived the complaint.[4]

The Texas Criminal Code of Procedure provides that in all prosecutions for felonies, the defendant *must* be personally present at the trial. Tex. Code Crim. Pro. Ann. art. 33.03. This presence-requirement at trial is strict at the start of trial and morphs into waivable right: "when the defendant voluntarily absents himself *after pleading to the indictment or information*, or *after the jury has been selected when trial is before a jury*, the trial may proceed to its conclusion." Tex. Code Crim. Pro. Ann. art. 33.03. It is presumed that, "in the absence of all evidence in the record to the contrary," defendant was present during the whole trial. *Id.*

The Article 33.03 right to be present at trial and its waivability extends to hearings on a defendant's motion for new trial. *See Coons v. State*, 758 S.W.2d 330, 339 (Tex. App.- Houston [14th Dist.] 1988, pet. ref'd). In *Coons*, this court addressed voluntary waiver of this right at the new trial stage, and recalling the Criminal Court of Appeals standards for reversal of an unpreserved challenge to a defendant's absence at this phase, stated:

---

[4] We conclude we have jurisdiction to resolve this matter because at the time of the court's action, appellant had been properly sentenced.

6

Reversal is required only when the defendant desires to be present at the hearing on the motion for new trial and is denied the right.[5] A defendant's counsel's failure to object to the defendant's absence at the hearing on his motion for new trial has been held to waive the issue on appeal.[6]

*Id.* at 339. (*internal citations footnoted*).

In *Coons*, the court held that the following considerations were relevant: (1) the record did not reflect that defendant requested to be present or was denied that right, (2) the record did not reflect that appellant's counsel objected to the court proceeding on the motion in appellant's absence, (3) the defendant's incarceration did not prevent his attendance (and that trial counsel could have requested a bench warrant); and (4) the motion could be resolved on the existing record, without review of new evidence or affidavits. *Id.*; *see also Escarcega v. State*, 711 S.W.2d 400, 402 (Tex. App.—El Paso 1986, pet. granted). We concluded that in the absence of an evidentiary hearing, appellant's presence was not required.

Under these controlling principals, after reviewing the record below we observe:

- Appellant's counsel did not object to proceeding in appellant's absence;

- That appellant was incarcerated, and appellant's counsel did not explain if she was prevented from securing a bench warrant;

- Appellant's counsel elected to proceed with argument only, without providing additional evidence; and

- *After the hearing on the motion* and the court's resentencing pronouncement, in connection with counsel's request to withdraw, appellant's trial counsel indicated that she had challenges communicating with appellant. However, there was no affirmative indication that appellant was unaware of the

---

[5] *Jackson v. State*, 379 S.W.2d 896, 896 (Tex. Crim. App. 1964).

[6] *Lacy v. State*, 374 S.W.2d 244, 245 (Tex. Crim. App. 1963).

7

hearing, that he requested to be present or was denied the right to be present.

Any differences between the facts of this case and those recited in *Coons* are not material. The trial court was free to consider appellant's motion for reconsideration in his absence, and particularly because the motion was presented at the hearing as a non-evidentiary matter.

Therefore, we overrule appellant's second issue.

**B. Did the trial court reversibly err when it reduced appellant's sentence in his absence?**

Appellant's first issue concerns the trial court's sentencing of appellant in his absence after the court effectively granted a new trial.[7] The State argues that appellant's counsel waived this appellate complaint.

Article 42.03 pertains to the requirement of a defendant's presence at the formal event of sentencing, which the courts have extended to *re-sentencing*. *State v. Davis*, 349 S.W.3d 535, 538–39 (Tex. Crim. App. 2011) (explaining that when a trial court modifies a sentence upon the timely filing of a motion for a new trial, "re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state") *citing State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). The courts have discussed various reasons for the presence requirement at sentencing, including that it is the crucial moment when *all of the parties* are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. *Davis*, 349 S.W.3d at 539.

Specifically, Article 42.03 provides that "[e]xcept as provided in Article 42.14, sentence shall be pronounced in the defendant's presence". The exceptions

---

[7] When the trial court grants a motion for new trial on punishment, it restores the case to its position after the defendant was found guilty (or immediately before punishment is assessed). Tex. R. App. P. 21.9(c).

8

under 42.14, are relatively new to the state's jurisprudence, and still only permit a narrow path for a trial court to sentence a felony defendant *in abstentia*. Among the various conditions to satisfy the article 42.14 exception, two are applicable to this case: the defendant must not be charged with a felony offense listed in Article 42A.054(a),[8] and that the defendant must execute a detailed waiver. There is no such waiver in the record. When a trial judge fails to perform a mandatory duty, a defendant may raise that failure even in the absence of an objection. *See Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017), *quoting Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). Accordingly, appellant was not required to preserve this objection. *See Tucker v. State*, No. 08-19-00015-CR, 2020 WL 729194, at *2, fn. 4 (Tex. App.—El Paso Feb. 13, 2020, no pet.) (mem. op., not designated for publication).

The rules provide that at sentencing, before pronouncing sentence, the court is required to ask the defendant whether he has anything to say why the sentence should not be pronounced against him. Tex. Code Crim. Pro. Ann. art. 42.07. Appellant was deprived of this opportunity to say why the sentence should not be pronounced against him, and similarly deprived the ability to hear and respond to the imposition of his new sentence. *See Davis*, 349 S.W.3d at 539. In his absence, he was unable to consult with his attorney concerning the sentencing. Though his sentence resulted in a five-year reduction, because the punishment range for his offense was 2 to 20 years, even the court's adoption of the state-recommended 15-year-sentence was 13 years greater than the minimum sentence available. *Cf. Ex parte Madding*, 70 S.W.3d 131, 136-37 (Tex. Crim. App. 2002) (explaining that it "violates a defendant's constitutional right to due process to orally pronounce sentence to him and then later, without notice to the defendant and without giving

---

[8] Appellant was charged with Aggravated Robbery, a felony offense listed in 42A.054(a)(11).

him an opportunity to be heard, enter a written judgment imposing a significantly harsher sentence."). Accordingly, Appellant's substantial rights were affected, and he was harmed when he was denied the opportunity to participate in his sentencing.[9]

We sustain appellant's second issue.

## III. CONCLUSION

Although the trial court properly heard and granted appellant's motion for reconsideration without him, the trial court could not sentence and render a new judgment in his absence. We, therefore, vacate the court's resentencing and reformed judgment accomplished in his absence, and remand for *in-person* sentencing and judgment.


/s/     Randy Wilson
Justice

Panel consists of Chief Justice Christopher, Justices Zimmerer and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).

---

[9] A trial court's failure to conduct sentencing in a defendant's presence can be treated as an error preventing proper presentation of the case that is remediable through an abatement while remanding to the trial court. Tex. R. App. P. 44.1; *see Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). But in exclusively complaining of the proceedings for having occurred in his absence, appellant has not raised any additional complaints for which the court's error has impeded our review.